**WO**                                                                                                              SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramona Sullins, | No. CV 06-3105-PHX-SMM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendants. | |

Plaintiff Ramona Sullins, who is confined in the Arizona State Prison Complex in Goodyear, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. By Order filed February 5, 2007, the Court dismissed the Complaint and gave Plaintiff 30 days to file an amended complaint. On March 1, 2007, Plaintiff filed a First Amended Complaint (Doc. #5). The Court will order Defendant Deverna to answer Count I of the First Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**TERMPSREF**

## II. First Amended Complaint

Plaintiff names the following Defendants: (1) Dora Schriro, Director of the Arizona Department of Corrections (ADOC); (2) Chris Lang, CO IV, Head of Counselors at Santa Cruz-Perryville; and (3) Chad Deverna, CO III, Counselor at Santa Cruz-Perryville. The Amended Complaint contains three counts arising from Plaintiff's claim that she was held after her release date. In Count I, Plaintiff alleges that her Eighth, Thirteenth, and Fourteenth Amendment rights were violated because she was held 538 days past her release date. Specifically, she alleges that she was sentenced to a two-year term of imprisonment on March 4, 2004 on two criminal matters. On May 3, 2004, the Superior Court of Maricopa County vacated the judgment and sentence in her case and ordered her release from ADOC as to both cases. Plaintiff was not, however, released until July 22, 2005. In Count II, Plaintiff alleges that the conduct violated her Thirteenth and Fourteenth Amendment rights. In Count III, she alleges that working for ADOC for a year and seven months violated her Thirteenth Amendment rights.

## III. Failure to State a Claim

### A. Counts II and III

The claims in Counts II and III are duplicative of the claims in Count I. In addition, the Thirteenth Amendment prohibits involuntary servitude; "[t]he term 'involuntary servitude' was intended to cover those forms of compulsory labor akin to African slavery . . . ." Butler v. Perry, 240 U.S. 328, 332 (1916). As Plaintiff was previously advised, claims challenging the detention past Plaintiff's release date would be appropriately brought under the Eighth and Fourteenth Amendments. Counts II and III will be dismissed.

### B. Failure to Link Harm to Defendants

As this Court stated in its previous Order, to state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally

participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct.  See Ortez v. Washington County, Or., 88 F.3d 804, 809 (9th Cir. 1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978).  There is no *respondeat superior* liability under § 1983, and, therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

Plaintiff does not allege that either Defendant Schriro or Defendant Lang personally participated in the constitutional deprivation or that they were aware of widespread abuses and, with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further misconduct, or that they formed policies that resulted in Plaintiff's injuries. Because there is no *respondeat superior* liability in actions under § 1983, these Defendants' positions as supervisors are not sufficient to impose liability.  The First Amended Complaint does not state a claim against either Defendant Schriro or Defendant Lang, and they will be dismissed.

**IV.    Claims for Which an Answer Will be Required**

Liberally construed, the First Amended Complaint states a claim against Defendant Deverna, and the Court will order him to answer Count I.

**V.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of her release. Also, within 30 days of her release, she must either (1) notify the Court that she intends to pay the balance or (2) show good cause, in writing, why she cannot.  Failure to comply may result in dismissal of this action.

### B.     Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.     Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that she files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Counts II and III and Defendants Schriro and Lang are **dismissed** without prejudice.

(2)     Defendant Deverna must answer Count I.

(3)     The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. #5), this Order, and both summons and request for waiver forms for Defendant Deverna.

(4)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendant within 120

days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **If Defendant agrees to waive service of the Summons and First Amended Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

1  (9) Defendant Deverna must answer the First Amended Complaint or otherwise
2 respond by appropriate motion within the time provided by the applicable provisions of Rule
3 12(a) of the Federal Rules of Civil Procedure.
4  (10) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules
5 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.
6  DATED this 14th day of March, 2007.

Stephen M. McNamee
United States District Judge