**WO**                                                                                        SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramona Sullins, | No. CV 06-3105-PHX-SMM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendants. | |

Plaintiff Ramona Sullins, who is confined in the Arizona State Prison Complex in Goodyear, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. By Order filed February 5, 2007, the Court dismissed the Complaint and gave Plaintiff 30 days to file an amended complaint. Plaintiff filed a First Amended Complaint; by Order dated March 14, 2007, the Court ordered Defendant Deverna to answer Count I of the First Amended Complaint and dismissed the remaining claims and Defendants without prejudice. (Doc. #6.)

Plaintiff has filed a document stating that the rights raised in her Complaint "are not the constitutional rights shown on [her] return of summons." (Doc. #12.) The Court will construe this as a Motion for Reconsideration of the Court's March 14, 2007 Order and deny it.

**TERMPSREF**

## I. Background

In her First Amended Complaint, Plaintiff named the following Defendants: (1) Dora Schriro, Director of the Arizona Department of Corrections (ADOC); (2) Chris Lang, CO IV, Head of Counselors at Santa Cruz-Perryville; and (3) Chad Deverna, CO III, Counselor at Santa Cruz-Perryville. The First Amended Complaint contains three counts arising from Plaintiff's claim that she was held after her release date. In Count I, Plaintiff alleged that her Eighth, Thirteenth, and Fourteenth Amendment rights were violated because she was held 538 days past her release date. In Count II, Plaintiff alleged that the conduct violated her Thirteenth and Fourteenth Amendment rights. In Count III, she alleged that working for ADOC for a year and seven months violated her Thirteenth Amendment rights.

As the Court stated in its March 14, 2007 Order, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity and to dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). The Court dismissed the claims in Counts II and III as duplicative of the claims in Count I. Moreover, Plaintiff was advised that claims challenging the detention past Plaintiff's release date would be appropriately brought under the Eighth and Fourteenth Amendments, not the Thirteenth Amendment. Finally, the Court dismissed Defendants Schriro and Lang because the First Amended Complaint alleged no conduct linking either Defendant with the harm alleged by Plaintiff. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

## II. Reconsideration

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS,

1  Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Such motions should not be used for the purpose of
2  asking a court "'to rethink what the court had already thought through—rightly or wrongly.'"
3  Defenders of Wildlife, 909 F. Supp. at 1351 (quoting Above the Belt, Inc. v. Mel Bohannon
4  Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va. 1983)).

Plaintiff has made no arguments for reconsideration, and the Court finds no basis to alter or amend the Order dismissing the Counts II and III and Defendants Schriro and Lang. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. #12) is **denied**.

DATED this 13th day of September, 2007.

Stephen M. McNamee
United States District Judge